U.S. Bankruptcy Court
District of Idaho
Filed: July 29, 2004
At: 11:00 a.m.
By: Diane Hutchinson

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:**<br><br>MARK PETRUZZELLI and<br>MELISSA PETRUZZELLI,<br><br>**Debtors.** | **Bankruptcy Case<br>No. 03-42630** |

## MEMORANDUM OF DECISION

**Appearances:**

James C. Meservy, FREDERICKSEN, WILLIAMS, MESERVY & LOTHSPEICH, Jerome, Idaho, Attorney for Debtors.

R. Sam Hopkins, Pocatello, Idaho, Chapter 7 Trustee.

This is a contest between the Chapter 7 Debtors and the trustee of

their bankruptcy estate over funds on deposit in the Debtors' deferred

compensation plan. The Court concludes that the plan funds are not bankruptcy

MEMORANDUM OF DECISION - 1

estate property and may not be distributed by the trustee to creditors. What

follows are the Court's findings of fact, conclusions of law, and disposition of the

issues. Fed. R. Bankr. P. 7052; 9014.


### Facts

Over the years, Debtors have saved $13,414 through Mr.

Petruzzelli's employer's deferred compensation plan established under 26 U.S.C.

§ 457. After filing for bankruptcy under Chapter 7 of the Bankruptcy Code on

December 11, 2003, Debtors sought to exempt that money under various state

statutes. Sched. C and Amendments thereto, Docket Nos. 1, 9, 12, 18. The

Chapter 7 Trustee, R. Sam Hopkins, objected to Debtors' exemption claims.

Docket Nos. 6, 10, 16.

The Court conducted a hearing concerning the exemption claims

and Trustee's objections on May 10, 2004. Minute Entry, Docket No. 20. At the

hearing, Debtors indicated for the first time that they intended to amend their

schedules to show that Mr. Petruzzelli's deferred compensation plan was not part

MEMORANDUM OF DECISION - 2

AO 72A
(Rev. 8/82)

of the estate under § 541(c)(2).[1]  At that time, however, neither Trustee nor

Debtors were prepared to discuss whether the plan met the requirements

established by § 541(c)(2) and the holding of the Supreme Court interpreting that

statute in *Patterson v. Shumate*, 504 U.S. 753 (1992).  The Court granted each

side additional time to obtain the plan documents and submit written arguments.

On June 16, 2004, Debtors filed a description of the Deferred

Compensation Plan for Public Employees, together with a written brief arguing

that the plan funds were not property of the estate because of the anti-alienation

provisions in the plan, which they contend satisfy the requirements of

§ 541(c)(2).[2]  Docket Nos. 21, 22.  Trustee elected not to file a brief.  The Court

took the issues under advisement.

### Disposition

Although Debtors have not yet amended their schedules to show that

the money in Mr. Petruzzelli's deferred compensation plan is not property of the

---

[1]  Unless otherwise noted, all statutory references are to the Bankruptcy Code,
found at Title 11 of the United States Code.

[2]  Debtors withdrew their earlier argument that the plan was exempt under Idaho
Code § 11-604A(3).  Docket No. 22.

MEMORANDUM OF DECISION - 3

bankruptcy estate, the Bankruptcy Rules liberally allow debtors to amend their schedules "as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a); *Martinson v. Michael* (*In re Michael*), 163 F.3d 526, 529 (9th Cir. 1998). An amendment does not require court approval, unless there is a showing that the amendment has been made in bad faith or prejudices third parties. *Michael*, 163 F.3d at 529; *Arnold v. Gill* (*In re Arnold*), 252 B.R. 778, 784 (B.A.P. 9th Cir. 2000); *Magallanes v. Williams* (*In re Magallanes*), 96 B.R. 253, 256 (B.A.P. 9th Cir. 1988); *In re Bowden*, 254 B.R. 907, 909 (Bankr. D. Idaho 2000). Trustee has not contested Debtors' right to amend their schedules, and assuming they do so, the Court deems it appropriate to consider the issues in this context.

Section 541(c)(2) of the Code provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title," and is not property of the bankruptcy estate. The Supreme Court in *Patterson* held that an ERISA-qualified plan containing an anti-alienation provision constituted an "enforceable transfer restriction for purposes of § 541(c)(2)'s exclusion of property from the bankruptcy estate." *Patterson*, 504 U.S. at 761.

MEMORANDUM OF DECISION - 4

Debtors' plan contains anti-alienation and anti-assignment

provisions as required by ERISA, 29 U.S.C. § 1056(d)(1).  *See* Plan, Article IX

§§ 9.07, 9.08, and Article X §§ 10.01, 10.07, Docket No. 21.  The plan does,

however, allow employees to make early withdrawals in two situations: (1) if there

has been an "unforeseeable emergency," defined as a severe financial hardship

resulting from a sudden and unexpected illness or accident, or property loss due to

casualty, *see id.* at §§ 1.01(t) and 8.04; and (2) for a voluntary in-service

distribution of up to $5,000 at any time, provided the participant has not made

such a request before and he has made an election to receive the distribution, *see*

*id.* at § 8.05.

Although there has been no event that would trigger the

"emergency" provision, as noted above, Debtors do have the right under § 8.05 of

Mr. Petruzzelli's deferred compensation plan to seek a permissive distribution of

up to $5,000.00 at any time and without restriction.  The Court concludes that the

existence of this right does not modify the spendthrift qualities that apply to all

funds held in the plan.  In other words, the entire $13,414 on deposit for Debtors

in the plan as of the date of the petition is subject to the restrictions upon

alienation and transfer so as to qualify the plan for ERISA treatment and, thereby,

MEMORANDUM OF DECISION - 5

to exclude the funds from Debtors' bankruptcy estate under § 541(c)(2). The mere existence of the permissive distribution option does not convert $5,000.00 of the $13,414 into something else.[3]

The Court is disadvantaged by Trustee's decision not to file a brief. Assuming he had, Trustee might have argued that Debtors' right under the plan to request and receive a permissive distribution is itself property of the bankruptcy estate. True enough, § 541(a)(1) includes within the estate "all legal or equitable interests of the debtor in property as of the commencement of the case." All sorts of intangible rights held by a debtor on the petition date pass to the estate. For example, a debtor's right to file suit; to make a demand on monies owed by a third party; to foreclose claims held as a secured creditor against another's property; and to exercise options under leases or contracts would all come within the estate.[4]

---

[3] A different situation could exist if, for example, Debtors had requested and received a permissive distribution prior to filing. Once the funds were outside the plan, it is doubtful the spendthrift protections would continue in effect as against the Trustee. *See In re Kane*, 99.4 I.B.C.R. 175 (Bankr. D. Idaho 1999).

[4] *See, e.g.*, *Krystal Cadillac Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp. (In re Krystal Cadillac Oldsmobile GMC Truck, Inc.)*, 142 F.3d 631, 635 (3d Cir. 1998) (franchise agreement is property of the estate under § 541(a)(1)); *Wischan v. Adler (In re Wischan)*, 77 F.3d 875, 877 (5th Cir. 1996) (prepetition rights of action are property of the estate under § 541(a)(1)); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir.1986) (prepetition causes of action are property of the estate under § 541(a)(1)); *Rau v. Ryerson (In re Ryerson)*, 739 F.2d 1423, 1425 (9th Cir. 1984) (right

MEMORANDUM OF DECISION - 6

And the Chapter 7 trustee is empowered to exercise such intangible rights on behalf of the estate.  Why, then, wouldn't the Trustee here have the same right as Debtors to request and receive a permissive distribution from the deferred compensation plan?

The Ninth Circuit has explicitly rejected the position that a debtor's control over the assets in an ERISA-qualified plan somehow brings either the right to request a distribution, or the assets in the plan, into the estate when a bankruptcy case is filed.  In *Arkison v. UPS Thrift Plan (In re Rueter)*, 11 F.3d 850 (9th Cir. 1993), the debtor's profit sharing plan allowed employees to withdraw their own contributions at any time and to withdraw employer contributions after two years.  Even under those circumstances, the court held that it "need look no further than whether the ERISA-qualified plan at issue has an anti-alienation provision that satisfies the literal terms of § 541(c)(2)." *Id.* at 852. If a plan does contain such a provision, then it meets the requirements laid down by the Supreme Court in *Patterson* for exclusion under § 541(c)(2). *Id.*

---

to "contract value" earned prepetition is property of the estate under § 541(a)(1)); *In re Mingo*, 95 I.B.C.R. 4, 4 (Bankr. D. Idaho 1995) (debtor's contract right to payment under a lease is property of the estate).

MEMORANDUM OF DECISION - 7

Years later, in *Barkley v. Conner (In re Conner)*, 73 F.3d 258 (9th

Cir. 1995), the Ninth Circuit encountered yet another plan that allowed the debtors

complete access to their after-tax contributions at any time. Taking *Arkison* one

step further, the court stated that:

> [U]nder [*Patterson*], ERISA plans are exempted from
> the bankruptcy estate, even though ERISA only
> requires restraints on alienation to third parties. In
> interpreting the § 541(c)(2) exemption to cover ERISA
> plans, the Supreme Court appears to have discounted
> any distinctions based on the debtors' control of their
> assets. Thus, the appellant's argument that we should
> conduct a functional analysis focusing on the debtors'
> control of the assets in the ERISA Plan has been
> rejected by the Supreme Court.

*Id.* at 260. *See also IRS v. Snyder*, 343 F.3d 1171, 1178 (9th Cir. 2003) (holding

that, even though the plan's anti-alienation clause was enforceable against

everyone except the IRS, that was enough to prevent the transfer of the debtor's

interest in the plan to the bankruptcy estate); *Meehan v. Wallace (In re Meehan)*,

102 F.3d 1209, 1211 (11th Cir. 1997) (holding that the § 541(c)(2) exclusion is not

lost merely because it was state law, not debtor's IRA document, that contained

the applicable restriction on transfer, and rejecting the argument that debtor's

ability to withdraw funds from her IRA subject to a penalty tax brought the funds

MEMORANDUM OF DECISION - 8

within the estate); *Whetzal v. Alderson*, 32 F.3d 1302, 1304-05 (8th Cir. 1994)

(concluding that debtor's option to withdraw lump-sum benefits from his pension

plan before reaching retirement age did not render the benefits property of the

debtor's bankruptcy estate); *Rupp v. Kunz (In re Kunz)*, 309 B.R. 795, 798-99

(B.A.P. 10th Cir. 2004) (recognizing that the four circuit courts that have

addressed arguments focusing upon a debtor's power to immediately withdraw

funds from a plan have all held "that the analysis ends with the determination that

§ 541(c)(2) requirements have been met by the plan.").

Thus, it is clear that Trustee can not reach the funds in Debtors' plan

by requesting a permissive distribution.

## Conclusion

The Court concludes that because Debtors' ERISA-qualified

deferred compensation plan meets the requirements of 11 U.S.C. § 541(c)(2), it is

not property of the estate and cannot be reached by the Trustee despite Mr.

Petruzzelli's power to request a $5,000 distribution at any time.  While the funds

MEMORANDUM OF DECISION - 9

are not exempt, Debtors may amend their schedules to declare that the plan funds
are not included in their bankruptcy estate.

A separate order will be entered.

DATED This 29th day of July, 2004.

JIM D. PAPPAS
U.S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 10

AO 72A
(Rev. 8/82)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served by the method indicated below, a true copy of the document to which this certificate is attached, to the following named person(s) at the following address(es), on the date shown below:

Office of the U.S. Trustee
jeff.g.howe@usdoj.gov
gary.mcclendon@usdoj.gov

James C. Meservy, Esq.
~~fwmattys@northrim.net~~   jcmeservy@cableone.net

Sam Hopkins
sam_hopkins@if.rmci.net

**Via Email**

Note re E-mail service: A ".pdf" version of the above decision/order was electronically transmitted to the parties indicated above. Email service is provided as a courtesy only upon request of a party. To review an electronic image of the original of this document, or to subscribe for email service of future decisions/orders from the Bankruptcy Judges, please access the Court's Internet web site, www.id.uscourts.gov.

CASE NO.:   03-42630

DATED: July 29, 2004

CAMERON S. BURKE, CLERK
U.S. BANKRUPTCY COURT
By Diane Hutchinson, Deputy Clerk

MEMORANDUM OF DECISION - 11